IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DANIEL KELLEY, #L2563**                                                                 **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 3:14-cv-82-HTW-LRA**

**J. BUSCHER, et al.**                                                     **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the undersigned Magistrate Judge for report and recommendation on Plaintiff Daniel Kelley's "Order to Show Cause & Temporary Restraining Order" [3]. To the extent Plaintiff seeks relief that if granted would exceed the 14 day limit of a temporary restraining order, his Motion is in effect a request for a preliminary injunction. *See* Fed. R.Civ.P. 65(b); *Dixon v. Vanderbilt*, 122 Fed. App'x 694, 695 (5th Cir. 2004). As discussed below, the undersigned has considered Plaintiff's Motion, as well as the applicable law, and recommends that his request for a preliminary injunction and temporary restraining order be denied.

In order to receive a preliminary injunction, Plaintiff must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury caused by the denial of the injunction outweighs any harm that will result if the injunction is issued; and (4) the injunction will not have an adverse affect on the public interest. *Sonnier v. Crain,* 613 F.3d 436, 440-41 (5th Cir. 2010); *Ridgely v. FEMA*, 512 F.3d 727, 734 (5th Cir. 2008); *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). Each of the requirements must be satisfied because if any one of them is not, then it will result in the denial of the request for a preliminary injunction.

*Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Furthermore, "[a] preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n v. City of Dallas, Texas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).  The granting or denying of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)).  "The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits." *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Plaintiff's request in accordance with the above stated case law and finds that Plaintiff has failed to carry his burden of persuasion as to the required factors for a preliminary injunction.  Plaintiff has been placed in a segregation unit and requests this Court to direct that he be placed in general C-custody population and restore all his rights and privileges.  He had been charged with escape and given an RVR.  He was found guilty and placed in segregation as punishment.  Plaintiff charges that he was not guilty and was not given due process during the RVR proceedings and appeal.

Under the circumstances set forth by Plaintiff, the undersigned finds he cannot show that there is a substantial threat to him of irreparable injury if no injunction is entered.  Being placed in segregation does not cause Plaintiff a risk of irreparable injury.   He has also not shown that there is a substantial likelihood that he will succeed on the merits in this cause, particularly since

this Court does not interfere with the prison's security management unless exigent circumstances exist or the proof is clear that Kelley's due process rights were violated. There certainly must be a hearing on the merits of the case in chief before any relief could be granted regarding the RVR and the resulting punishment.

In the undersigned's opinion, this Court will be able to render a meaningful decision without granting a temporary restraining order or a preliminary injunction. Therefore, Plaintiff's motion should be denied without a hearing. Plaintiff may reurge his motion at the omnibus hearing to be conducted by the undersigned in the near future if he chooses to do so.

IT IS, THEREFORE, the recommendation of the undersigned that Plaintiff's Motion [3] for a preliminary injunction and a temporary restraining order should be **denied**.

The parties are hereby notified that the failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

Respectfully submitted, this the 9th day of July 2014.

                                           S/ Linda R. Anderson
                                     UNITED STATES MAGISTRATE JUDGE